## McNAMER v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Fayette Co

No 211.  Decided Nov 22, 1933

E. L. Bush, Washington C. H., and John B. Hill, Washington C. H., for plaintiff in error.

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Atty. Gen., Columbus, and N. L. McLean, Prosecuting Attorney, Washington C. H., for defendant in error.

scriber to the State Industrial Fund. The basis of this claim is under the provisions of §1465-61, **Subdivision 3, GC,** which reads as follows:

"Every person in the service of any independent contractor or subcontractor who has failed to pay into the state insurance fund the amount of premium determined and fixed by the industrial commission of Ohio, for his employment or occupation, or to elect to pay compensation direct to his injured and to the dependents of his killed employees, as provided in **§1465-69, GC,** shall be considered as the employe of the person who has entered into a contract with such independent contractor unless such employees, or their legal representatives or beneficiaries elect, after injury or death, to regard such independent contractor as his employer."

The first paragraph in this section, §1465-61, **GC,** reads as follows:
"The terms 'employe,' 'workman,' and 'operative,' as used in this act, shall be construed to mean."

The law creating the liability will be found in §1465-68, **GC,** and in part reads as follows:
"Every employe mentioned in **§1465-61 GC** who is injured and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, shall be paid such compensation out of the state insurance fund for loss sustained on account of such injury or death and shall be entitled to receive such medical, nurse and hospital services and medicines, and funeral expenses as are payable in the course of other injured or killed employes."

It will be observed that one of the prerequisites for participation in the State Insurance fund is that the employe must have been injured or killed in the "course of employment." In the agreed statement of facts as presented in the record we are forced to the conclusion that Raymond McNamer was not injured and killed in the course of his employment so far as the Modern Concrete Products Company is involved.

McNamer could be in no more favorable position than if Ray had been injured and killed under the same and identical circumstances. The team and driver had not yet arrived at the place of employment, but

## OPINION

By BARNES, J.

The plaintiff claims that O. J. Ray was an independent contractor or subcontractor, and having failed to comply with the Industrial Insurance Law, that she had the right to pursue her claim against the principal contractor, the latter being a sub-

was on the highway one-half mile away. The Supreme Court has repeatedly held that an employee in going to and from his place of employment is not in the course of his employment.

Conrad v Coal Company, 107 Oh St 387.

Heil v Industrial Commission, 123 Oh St 604.

Auberger v Industrial Commission, 38 Oh Ap 203, (10 Abs 116; 10 Abs 157).

Sec 1465-61, subdivision 3, GC, above quoted, must be construed in connection with §1465-68, GC, also above quoted, and under no situation does liability attach unless the injury or death was in the course of the employment.

In the instant case the agreed statement of facts precludes any such finding.

Of course, the deceased Raymond Mc-Namer. on the day of his injury was an employee of O. J. Ray, but that fact alone is not determinative of any of the questions here involved. If McNamer had arrived at the place of employment and then had suffered injuries from which death ensued, we would then have a more serious question.

However, even under this situation we do not think that the agreed statement of facts as presented in the record disclosed Mr. Ray to be an independent contractor or subcontractor. He was no more than an employee providing horse power and drivers to do the excavating and grading under the direction of the contractor. He was working by the hour and either could have terminated the employment or service at will.

We fail to find any prejudicial error in the findings of the Common Pleas Court, and judgment will be affirmed. Exceptions will be allowed to the plaintiff in error.

HORNBECK, PJ, and KUNKLE, J, concur.